PUBLISH

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 95-8934

_____

D.C. Docket No.  1:92-CV-1474-HTW

ALEXIS M. HERMAN, Secretary of the
United States Department of Labor,

Plaintiff-Appellee,

versus

NATIONSBANK OF GEORGIA, N.A.;
SOVRAN CAPITAL MANAGEMENT
CORPORATION, a Virginia Corporation,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(February 25, 1998)

On Petition For Rehearing

Before COX and CARNES, Circuit Judges, and FAY, Senior Circuit Judge.

PER CURIAM:

In its petition for rehearing, NationsBank asks us to modify our opinion, <u>Herman v. NationsBank Trust Company (Georgia)</u>, 126 F.3d 1354 (11th Cir. 1997). Specifically, NationsBank takes issue with our holding that the Polaroid ESOP participants were not given sufficient notice that they were fiduciaries with regard to the unallocated shares.

The best piece of evidence NationsBank presents in support of its petition is the Summary Plan Description ("SPD") provided to all the participants after the ESOP was established in July 1988. The SPD states in relevant part:

> Will I Be Contacted In the Event of a Tender Offer? . . .
> In the event of a tender offer, Polaroid shareholders and Stock Equity Plan members [i.e., the participants] would be asked if they want to sell or 'tender' their shares.
> Important: If a plan member does not respond, that plan member is assumed to be deciding *against* the tender offer.
> Unallocated stock will be tendered in the same proportion as the allocated shares.
> Example: If 10% of the allocated shares are tendered by plan members, 10% of the unallocated shares also would be tendered.

(italics in original). NationsBank argues that this statement in the SPD put the participants on notice that their actions in regard to the allocated shares would control the tendering of the unallocated shares, and as a result the participants were fiduciaries with regard to the unallocated shares. We disagree. None of the evidence NationsBank presents changes our conclusion that the participants are not fiduciaries under ERISA.

Assuming everything NationsBank says in its rehearing petition is true, the most it shows is that at the time the SPD was distributed the participants had notice that, in the event of a tender offer, their actions in regard to the allocated shares would control the tendering

2

of the unallocated shares.  That evidence is not enough to put the participants on notice that they were fiduciaries with regard to the unallocated shares. The participants could not be fiduciaries with regard to the unallocated shares in the absence of explicit notice that they could be held liable for their actions with regard to the unallocated shares.  We emphasized that point in our previous opinion when we stated that the possibility of the participants being subjected to liability as fiduciaries for their actions with regard to the unallocated shares was "unacceptable . . . where participants are not adequately informed of the responsibilities they possess and the liability that could go hand in hand with those responsibilities." Id. 126 F.3d at 1367 (emphasis added).  Nothing in the SPD or in the materials NationsBank sent the participants concerning the tender offer put the participants on notice that they could be held liable as fiduciaries for their actions with regard to the unallocated shares.

Our reasoning makes it unnecessary for us to decide whether notice in an SPD of potential liability would have been enough absent notice in the proxy statement.  Likewise, it is unnecessary for us to address the broader question of whether ESOP participants can under any circumstances be named fiduciaries for unallocated shares.  As we noted in our previous opinion:  "[b]ecause ESOP participants could conceivably face liability to other persons and entities if they were named fiduciaries with regard to unallocated shares, we are not sure that such status could be forced upon participants even with sufficient notice.  A plan might be required to give participants a chance to opt-out from such responsibilities and liabilities.  However, we need not and do not decide that matter." Id., 126 F.3d at 1367, n. 11.

The petition for rehearing is DENIED.